ARTURO LLUBERAS RODRÍGUEZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 927. Submitted June 15. 1934.—Decided June 26, 1934.

*L. López de Victoria* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This administrative appeal has been taken from an order of the Registrar of Property of San Germán refusing to record a deed extending the time in which to pay a mortgage, on the grounds that its clauses give rise to a novation and to a cancellation of the recorded mortgage.

On June 16, 1931, Diego Vélez Gotay and his wife Julia Franceschi Antongiorgi executed a public deed whereby they accepted a debt in the sum of $3,319 to Herminio Vélez Gotay, and to secure that debt they mortgaged a house they owned in Yauco. The recitals of said deed are as follows: the debt was to be paid in three instalments, on each June 16, of the years 1932, 1933, and 1934, respectively; the sum owed would bear interest at the annual rate of 10%, payable annually on maturity; and the owners of the house waived their homestead right therein.

On April 30, 1933, the first two instalments of said mortgage and $181 of accrued interest were due and unpaid, and that same day the mortgage creditor and his wife assigned the total credit and the $181 of interest due to Arturo Lluberas Rodríguez. That assignment was recorded in the registry of property with a statement to the effect that said credit was free from all encumbrances.

On the same date of the assignment Arturo Lluberas Rodríguez and his wife executed another deed with Julia Franceschi Antongiorgi, to whom the house had been adjudicated upon the dissolution of her marriage by divorce. In said document the parties agreed to extend the maturity date of the mortgage according to the following stipulations: (a) it was agreed that the mortgage should be paid in seven annual instalments, beginning on May 1st, 1935 and ending in 1941; (b) the rate of interest was reduced to 8% per annum payable yearly; (c) that the $181 of interest due and unpaid would be paid on May 1st, 1935, with interest at 8% per annum; (d) in consideration of the extension granted and of the reduction of the interest rate, the debtor bound herself to insure the house against fire; (e) it was agreed that upon two instalments becoming due, the whole debt would mature; and (g) that upon failure to insure the house against fire the mortgage would also mature. By clause (h) the debtor waived her homestead right and in clause (i) it was stated that the mortgage was to remain in force with the extensions and modifications agreed to.

The appellant in his brief maintains that the deed, record of which has been denied, is not a novation of the recorded mortgage, while the registrar, in his, claims that it is a novation, and that in order to record it the parties must cancel the original mortgage.

In the case of *J. Arbona & Hno.* v. *Registrar of San Germán*, decided in May 31 of the current year (46 P.R.R. 800), and in relation to a crop loan contract, record of which was

denied by the registrar because it was a novation of another contract previously recorded, we held as follows:

"The registrar may be right that what.was done here is a novation of a contract, but to call a contract a novation is in no way to say that the parties may not make a novation if they choose, provided · that third parties are not injured thereby. There is nothing in the deeds or the note transcribed which shows that anybody could have been injured by the record, unless it was the parties themselves to the contract, and they are not complaining, and probably did not think that they had any cause for complaint."

In the same position is this case in which, according to a footnote made by the registrar in the assignment deed, the mortgage credit is free from all encumbrances for which reason the foregoing doctrine is applicable.

The decision of the registrar must be reversed and the record ordered.